Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 AUG 10 PM 4: 41

CLERK OF COURT

BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BARBARA ZACHARIAS, | ) CIVIL CASE NO. CV0503-09 |
| Plaintiff, | ) |
| | ) |
| | ) **DECISION AND ORDER re: Motion for** |
| v. | ) **Protective Order** |
| | ) |
| GERARD A. CHAMPION, | ) |
| TRUSTEE, IGNACIA BUTLER TRUST, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on May 7, 2012 on Plaintiff Barbara Zacharias' Motion for a Protective Order. Present at the hearing were the Plaintiff, represented by Attorney Thomas J. Fisher, and pro se Defendant, Gerard A. Champion Following the hearing the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

This case is an appeal by Defendant from a small claims judgment issued in favor of Plaintiff on March 2, 2009. The case was originally assigned to the Honorable Steven S. Unpingco. Under the original Scheduling Order issued by Judge Unpingco, discovery in this case was to conclude by March 2, 2010 and any motions for non-compliance were to be filed by March 16, 2010. Pursuant to this Order and Rule 33 of the Guam Rules of Civil Procedure, Defendant propounded thirty-one questions to Plaintiff in a First Set of Interrogatories served on February 8, 2010.

Following Judge Unpingco's retirement, the Clerk of Court re-assigned the case to this Court. A Scheduling Conference was held on January 30, 2012 at which time Defendant requested additional time to complete discovery. This Court granted the parties an additional thirty days. Defendant served upon Plaintiff a request for production of documents as well as an additional thirty written interrogatories. Plaintiff promptly filed a Motion for Protective Order in which Plaintiff argues that Defendant failed to obtain leave of court to serve the additional interrogatories as required under Local Rule (CVR) 33.1 or to exceed the fifty-question limit for interrogatories under Rule 33 of the Guam Rules of Civil Procedure. Plaintiff therefore requests that this Court issue an order relieving Plaintiff of any obligation to answer Defendant's second set of interrogatories and precluding any additional discovery in this case.

On April 25, 2012, Defendant also filed a Motion to Compel Inspection of and Production of Documents. Plaintiff opposes this motion arguing that Defendant has failed to meet and confer as required by CVR 37.1(b) and Guam Rule of Civil Procedure 37, and that absent a stipulation or declaration by Defendant regarding the duty to meet and confer this Court should not entertain the motion.

## DISCUSSION

A. Defendant's Second Set of Interrogatories

Guam's rules exact strict limits regarding the act of propounding interrogatories on a party during discovery. Rule 33.1(a) of the Local Rules of the Superior Court of Guam ("CVR") states that "[n]o party shall serve more than one set of interrogatories or requests for admission on any other party without leave of court. Interrogatories or requests for admission shall not exceed fifty (50) in number, counting any subparts or subquestions as individual questions." And Rule 33 of the Guam Rules of Civil Procedure states that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not

exceeding 50 in number including all discrete subparts . . . ." These rules clearly and explicitly set forth scope of discovery that a party may freely obtain through the use of interrogatories without requesting leave of court to exceed the prescribed limits.

In the present case, Defendant does not dispute the fact that he propounded a second set of interrogatories or that, combined, these subsequent interrogatories exceeded the maximum of fifty questions. Instead, Defendant merely states that he was not aware of CVR 33.1's limits on the number of interrogatories a party may propound. Defendant therefore appended to his opposition a request to file a second set of interrogatories and to exceed the allotted limit of fifty questions. Defendant's request, in essence, constitutes a motion for leave to conduct additional discovery, and as it is embedded in Defendant's Opposition rather a properly filed and noticed motion it would be improper for this Court to entertain Defendant's request to exceed the prescribed discovery limits in ruling on Plaintiff's motion.

Under Rule 26(c)(1), a party may move the court to issue an order precluding discovery to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Upon receiving Defendant's Second Set of Interrogatories, Plaintiff promptly moved for an Order precluding the discovery. This Court recognizes Defendant's pro se status; however, in this matter the rules are clear and unambiguous and it is not unreasonable to expect full procedural and substantive compliance by Defendant. Furthermore, Defendant has had ample time to plan and conduct discovery in this case and this Court does not believe that Defendant should be given multiple bites at the apple. This Court finds the circumstances appropriate to grant an order protecting Plaintiff from further annoyance or undue burden resulting from Defendant's attempt to propound excessive interrogatories.

B. Defendant's Motion to Compel Discovery

Guam's rules provide specific procedures that must be followed before the court may entertain a motion regarding a discovery dispute. CVR 37.1 provides:

**CVR 37.1. Discovery Motions.**

(a) Prior to the filing of any motion relating to a discovery dispute, counsel for the parties shall meet or attempt to meet in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for the conference which shall be held within a reasonable time.

(b) If counsel are unable to settle their differences, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing.

. . .

In the absence of such stipulation, or a declaration of counsel of noncooperation by the opposing party, the Court will not consider any discovery motion unless otherwise ordered upon good cause shown. . . .

CVR 37.1(a), (b). The record in this case does not contain a stipulation or declaration by Defendant regarding the discovery dispute. Defendant has not complied with the rules and this Court will not entertain Defendant's motion until Defendant meets with opposing counsel to attempt to resolve the dispute. If no definitive agreement is reached, Defendant must file with his motion a proper stipulation or declaration of noncooperation.

## CONCLUSION

Despite the fact that the parties in this case have had ample opportunity for discovery, Defendant attempted to exceed the discovery limits by propounding a second set of interrogatories on Plaintiff. Such discovery, without leave of court, is not permitted and therefore Plaintiff's Motion for Protective Order is GRANTED. Further, as Defendant has failed to abide by the procedures governing the filing of a motion relating to a discovery dispute the Court will not now entertain Defendant's Motion to Compel Inspection and Production of Documents. The

Decision and Order
Case No. CV0503-09

Court will, however, allow Defendant additional time to meet with opposing counsel and attempt to resolve the dispute, and if no agreement can be reached, Defendant will be allowed to file a motion to compel production, provided Defendant follows appropriate procedures. Based on the foregoing, the Court hereby ORDERS that:

(1) Discovery in this matter is closed and no further discovery by either party is permitted, except to the extent allowed by these Orders.

(2) Defendant's Second Set of Interrogatories is STRICKEN.

(3) Defendant may have additional time to meet with opposing counsel regarding any current disputed discovery matters and, if no agreement can be reached, to file a discovery motion complete with the documentation required under CVR 37.1. Any discovery motion must be filed within 30 days after the issuance of this Decision & Order.

(4) A Scheduling Conference is set for September 10, 2012 at 2:00 p.m.

It is **SO ORDERED** this 9th day of August, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 1 0 2012

Dominga M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL